decision and journal entry
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Bernard A. Moore has appealed the judgment of the Wayne County Court of Common Pleas, which allocated child support obligations. This Court reverses.
 I.
Bernard Moore and Karen Moore were divorced in April of 1986. Two children, Regina and Albert, were born of the marriage. By December of 1991, the parties were under a shared parenting agreement, and on January 1, 1993, the trial court ordered that no child support was due from either party.
On January 27, 1998, Bernard filed a motion seeking an award of child support for Albert, who at that time was in the sole custody of Bernard. On April 9, 1998, Karen was ordered by the magistrate to pay $81 per month to Bernard for child support.
Karen filed timely objections. On June 11, 1998, the trial court remanded the matter to the magistrate for further deliberations. The magistrate again recommended child support in the amount of $81 per month, and the trial court adopted the recommendation on July 8, 1998. Karen renewed her objections, which were denied by the trial court.
On December 3, 1998, the trial court issued a "seek work" order to Karen, which required monthly interaction with the Wayne County Child Support Enforcement Agency. On February 8, 2000, Karen was ordered to participate in the Goodwill Work Program.
Karen was non-compliant with the work order. At a review hearing on May 1, 2000, the magistrate re-examined the level of child support. The magistrate recommended that Karen pay $198 in child support per month. Karen objected. On June 8, 2000, the trial court issued a new order directing Karen to pay $50 per month in child support. Bernard's objections to this order were denied on July 20, 2000.
Bernard has timely appealed, asserting two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR
The trial curt erred as a matter of law in not imputing income toplaintiff/appellee Karen G. Moore-Strong.
In his first assignment of error, Bernard argues that the trial court failed to properly impute income to Karen as part of its child support computation. Bernard claims that the trial court erred because its journal entry, and the decision of the magistrate, are "both silent as to the imputation of potential income, or the lack thereof."
This Court reviews Bernard's claim under an abuse of discretion standard of review:
 Whether a parent is "voluntarily underemployed" within the meaning of R.C. 3113.215(A)(5), and the amount of "potential income" to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case. The determination will not be disturbed on appeal absent an abuse of discretion.
Rock v. Cabral (1993), 67 Ohio St.3d 108, syllabus. "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Id. at 112, quoting Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Our review is further informed by the admonition of the Ohio Supreme Court that "an appellate court must be able to ascertain from the trial court's journal entry the amount of potential income imputed, and the trial court's reasons for imputing income to a child support obligor."Id. at 113.
Following the Rock mandate, this Court facially reviews the trial court's journal entry as a threshold matter. The trial court's journal entry of July 18, 2000, is a skeletal outline bereft of either the amount of potential income imputed or the reasons for imputing income: "[E]ffective May 1, 2000, plaintiff shall pay child support in the amount of $50 per month through the Support Enforcement Agency plus poundage."Rock requires more than a summary order silent as to the resolution of the question of imputed income.
This Court cannot adequately complete its review since the trial court has failed to be express as to the amount of income to be imputed, and the reasons for imputing such income. Accordingly, the first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR
The trial court abused its discretion in not applying [R.C.] 3113.215 inthe calculation of child support.
Pursuant to App.R. 12(A)(1)(c), this Court's holding on the first assignment of error renders Bernard's second assignment of error moot, and, accordingly, it will not be addressed.
 III.
Bernard's first assignment of error is sustained. The case is reversed and remanded so that the trial court can expressly articulate the amount of income imputed to the obligor, if any, and the reasons for imputing the income. See Rock, supra.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ____________________________ DONNA J. CARR
BAIRD, P.J. CONCURS.
SLABY, J. CONCURS IN JUDGMENT ONLY.